Denisse O. Gastélum, SBN 282771
Selene Estrada-Villela, SBN 354994
**GASTÉLUM LAW, APC**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com
sestradavillela@gastelumfirm.com

Attorneys for Plaintiffs,

ESTATE OF JABARI BETTS, *et al.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JABARI BETTS, by and through successors in interest, Jabari Isaiah Mustafa Betts, Ariana Janae Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts; JABARI ISAIAH MUSTAFA BETTS, individually; ARIANA JANAE BETTS, individually; ALI MALIK BETTS, individually; KAMAFI AMIR BETTS, individually; KHALID OSAZI BETTS, individually; MESHACH AMEEN BETTS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, a public entity; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SHERIFF SHANNON D. DICUS, in his individual and official capacities; DOES 1 through 10, individually, jointly and severally, <br><br> Defendants. | **CASE NO. 5:26-cv-3167** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 3. Deprivation of the Right to Familial Relationship with Decedent (42 U.S.C. § 1983); <br> 4. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983); <br> 5. Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983); <br> 6. Negligence – Wrongful Death; <br> 7. Negligence – Medical Malpractice; <br> 8. Violation of California Government Code §845.6; <br> 9. Violation of California Civil Code §52.1 (Tom Bane Act); <br> 10. Violation of 42 U.S.C §12101 et seq. (ADA); <br> 11. Violation of 29 U.S.C §794(a) (Rehabilitation Act) <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

## COMPLAINT FOR DAMAGES

**COME NOW** Plaintiffs ESTATE OF JABARI BETTS, by and through successors in interest, Jabari Isaiah Mustafa Betts, Ariana Janae Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts; JABARI ISAIAH MUSTAFA BETTS, individually; ARIANA JANAE BETTS, individually; ALI MALIK BETTS, individually; KAMAFI AMIR BETTS, individually; KHALID OSAZI BETTS, individually; and MESHACH AMEEN BETTS, individually, allege as follows:

## I.

## INTRODUCTION

1.     This civil rights action seeks to establish the true and unequivocal facts surrounding the in-custody death of pretrial detainee, Jabari Betts, on May 1, 2025, at the San Bernardino County Sheriff's Department, West Valley Detention Center.

2.     Jabari Betts was a resilient, loving, and deeply caring man, and a devoted father to his six children. Born into a family with a profound legacy of civil rights activism, Jabari carried those values forward as his own. He spent his life standing against injustice and fighting for the dignity of his community, believing that systems were meant to serve people, not to fail them. He wanted peace and respect not only for his friends and family, but for his community as well. Anyone who knew him can attest that he believed in people, believed in accountability, and extended compassion to everyone he met.

3.     Jabari shared his love of music and art with his children, teaching them that creativity is a form of strength and that telling one's story matters. He was an involved, supportive, and honorable family man who looked after others through both

**COMPLAINT FOR DAMAGES**

large acts and small ones. He leaves behind six children and a grandson born after his death — a grandchild who will come to know his grandfather not through his presence, but through the values and stories his family carries forward in his name.

4. In 2022, twenty-one (21) individuals died while incarcerated at the San Bernardino County Jails – the highest number of in-custody deaths for the County in the last five (5) years. Prior to 2022, San Bernardino County had not logged more than eighteen (18) such deaths in any year since 2018.

5. In 2023, twenty (20) individuals died while incarcerated at the San Bernardino County Jails – fourteen (14) of which occurred in the West Valley Detention Center alone.

6. Indeed, in 2024, the San Bernardino County Jails continued to experience an alarming number of in-custody deaths, specifically twelve (12) in-custody deaths. Eleven (11) out of twelve (12) individuals died in the West Valley Detention Center, eight (8) of which were pretrial detainees.

7. In 2025, the San Bernardino County Jails continued to take the lives of pretrial detainees who are subjected to cruel and inhumane treatment by custody and medical staff.

8. Long before Jabari Betts' death, each of the individually named defendants from the County of San Bernardino and the San Bernardino County Sheriff's Department knew that there existed a great indifference to the safety and protection of the inmates who were in the government's custody within the San Bernardino County correctional facilities, including the West Valley Detention Center (WVDC), High Desert Detention Center (HDDC), and Central Detention Center (CDC).

9. The individuals named in the present lawsuit were repeatedly put on notice of the great dangers which existed within the San Bernardino County correctional facilities through the long history of in-custody deaths; the lack of adequate medical care which permeated the jails; the federal action *Topete v. County*

**COMPLAINT FOR DAMAGES**

*of San Bernardino*, case number 5:16-CV-00355-VAP (DTBx) (C.D. Cal.) (hereinafter the "*Topete* Action") targeting the San Bernardino County Sheriff's Department custody and medical staff's deliberate indifference to the safety and protection of inmates and medical staff's failures amounting to constitutional violations; a court ordered Consent Decree directing the San Bernardino County Sheriff's Department to implement a Remedial Plan to meet the minimum level of health care necessary to fulfill the San Bernardino County Sheriff's Department's obligations under the Eighth and Fourteenth Amendments; and through a voluntarily entered Settlement Agreement which required that the San Bernardino County Sheriff's Department remedy all of the deficiencies addressed in the *Topete* class action.

10.    Despite this long history of complete disregard to inmate safety and protection, each of the individually named defendants in this lawsuit deliberately failed to take even modest actions to prevent in-custody deaths at the San Bernardino County correctional facilities. Thus, by the time Jabari Betts was taken into custody and placed at the West Valley Detention Center, the jail was infested with endemic, ongoing and unabated risks of injury or death to inmates – risks which indeed resulted in Jabari Betts' death on May 1, 2025.

**II.**

**JURISDICTION AND VENUE**

11.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

12.    This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

**COMPLAINT FOR DAMAGES**

13.     Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

## III.

## PENDENT CLAIMS

14.     Plaintiffs presented their government claims on October 22, 2025. The government claims were rejected on December 9, 2025. As such, Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

15.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.

## PARTIES

**A. Plaintiffs**

16.     Decedent Jabari Betts was forty-seven (47) years old when he passed away on May 1, 2025. He was the devoted father of Ariana Janae Betts, Jabari Isaiah Mustafa Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts. At the time of his death, he was a pretrial detainee who resided in the County of Los Angeles, California. The claims made by Plaintiff ESTATE OF JABARI BETTS are brought by the successors in interest, Jabari Isaiah Mustafa Betts, Ariana Janae Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts.

17.     Plaintiff JABARI ISAIAH MUSTAFA BETTS, is and was, at all times relevant hereto, the natural son of decedent Jabari Betts, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff brings these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et

**COMPLAINT FOR DAMAGES**

seq., which provide for survival and wrongful death actions. Plaintiff also brings his claims individually and on behalf of decedent Jabari Betts on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law.

18.     Plaintiff ARIANA JANAE BETTS, is and was, at all times relevant hereto, the natural daughter of decedent Jabari Betts, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff brings these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiff also brings her claims individually and on behalf of decedent Jabari Betts on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law.

19.     Plaintiff ALI MALIK BETTS, is and was, at all times relevant hereto, the natural son of decedent Jabari Betts, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff brings these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiff also brings his claims individually and on behalf of decedent Jabari Betts on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law.

20.     Plaintiff KAMAFI AMIR BETTS, is and was, at all times relevant hereto, the natural son of decedent Jabari Betts, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff brings these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiff also brings his claims individually and on behalf of decedent Jabari Betts on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law.

**COMPLAINT FOR DAMAGES**

21.    Plaintiff KHALID OSAZI BETTS, is and was, at all times relevant hereto, the natural son of decedent Jabari Betts, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff brings these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiff also brings his claims individually and on behalf of decedent Jabari Betts on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law.

22.    Plaintiff MESHACH AMEEN BETTS, is and was, at all times relevant hereto, the natural son of decedent Jabari Betts, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff brings these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiff also brings his claims individually and on behalf of decedent Jabari Betts on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law.

**B. Defendants**

23.    Defendant COUNTY OF SAN BERNARDINO (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter also "SBCSD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SBCSD employees and the Health Services Division (hereinafter also "HSD") employees, complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through SBCSD and HSD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the SBCSD correctional facilities,

7

**COMPLAINT FOR DAMAGES**

including the West Valley Detention Center (hereinafter "WVDC"), High Desert Detention Center (hereinafter "HDDC"), Glen Helen Rehabilitation Center (hereinafter "GHRC"), and the Central Detention Center (hereinafter "CDC") (collectively "COUNTY Jails").

24. Defendant SHANNON D. DICUS ("SHERIFF DICUS"), at all times mentioned herein, is and, since June 7, 2022, has been the Sheriff of Defendant COUNTY OF SAN BERNARDINO, the highest position in the COUNTY Jails. As Sheriff, Defendant DICUS is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant SHERIFF DICUS is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant SHERIFF DICUS also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant SHERIFF DICUS is being sued in his individual and official capacities.

25. Defendants COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SHERIFF DICUS will hereinafter be referred to as the COUNTY DEFENDANTS.

26. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

27. The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon

**COMPLAINT FOR DAMAGES**

allege that DOES 1 through 10 include individual law enforcement personnel and medical personnel employed by the SBCSD and the COUNTY Health Services Division, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California. On information and belief, DOES 1 through 10 were and still are residents of the County of San Bernardino, California. DOES 1 through 10 are sued in both their individual and official capacities.

28.    At all relevant times, DOES 7 and 8 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY. At the time of the incident, DOES 7 and 8 were acting under color of law within the course and scope of their duties as employees for the COUNTY. They had supervisorial authority over DOES 1-10, and the COUNTY employees at the COUNTY Jails. DOES 7 and 8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

29.    At all relevant times, DOES 9 and 10 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY. At the time of the incident, DOES 9 and 10 were acting under color of law within the course and scope of their duties as employees for the SBCSD and/or the COUNTY. They had supervisorial authority over DOES 1-10, and the employees of the SBCSD. DOES 9 and 10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

30.    Each of the defendants, including the DOE defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by

failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

31.    Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' and decedent Jabari Betts' constitutional rights and other harm.

32.    Plaintiffs are informed, believe, and thereupon allege that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

33.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

34.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

///

///

///

///

**COMPLAINT FOR DAMAGES**

**V.**

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

35.    On April 24, 2025, Jabari Betts was arrested and booked into the San Bernardino County Sheriff's Department, West Valley Detention Center, located at 9500 Etiwanda Ave., Rancho Cucamonga, CA 91739.

36.    At the time of his booking on or about April 24, 2025, Jabari Betts was required to undergo a preliminary medical and mental health screening, as mandated by Title 15 of the California Code of Regulations. Upon information and belief, COUNTY medical and custody staff were aware that Jabari Betts suffered from epilepsy—a serious and chronic medical condition that, left untreated or unmanaged, posed a substantial risk of seizures, injury, and death—and that he required ongoing access to his prescribed anti-seizure medication. Despite this, the COUNTY medical and custody staff were indifferent to Jabari Betts's health and safety.

37.    Despite obvious signs that Jabari Betts, an inmate-patient at the COUNTY Jails, suffered from a serious medical condition requiring continuous medication and monitoring, Jabari Betts was cleared for housing without any designation regarding his medical condition that would alert those in charge of his care to his desperate need for a higher level of care, including monitoring, medical treatment, and follow-up care.

38.    On April 30, 2025, while housed at WVDC, Jabari Betts suffered a seizure. Later that same day, Jabari Betts was found unresponsive in his cell. A blood glucose check revealed a blood glucose level of 32 mg/dL—a severely and dangerously low level constituting a life-threatening medical emergency.

39.    Thereafter, Rancho Cucamonga Fire Department and American Medical Response ("AMR") paramedics responded to the scene. Upon their arrival, Jabari Betts was in full cardiac arrest.

40.    Mr. Betts was subsequently transported to San Antonio Regional Hospital. On the morning of May 1, 2025, at approximately 5:34 a.m., Jabari Betts was pronounced dead.

**COMPLAINT FOR DAMAGES**

41.     Upon information and belief, Jabari Betts had been experiencing a medical emergency for an appreciable amount of time prior to his death, during which his deteriorating condition was observable to the custody and medical staff charged with monitoring him.

42.     Upon information and belief, due to the COUNTY Jails patterns and practices of not conducting proper and timely Title 15 welfare and safety checks, Jabari Betts's dire need for emergency medical intervention went unnoticed by the SBCSD custody and medical staff, who were responsible for monitoring and ensuring the welfare of all inmates, including Jabari Betts.

43.     Jabari Betts was forty-seven (47) years old when he died on May 1, 2025, while he was in custody at the West Valley Detention Center.

44.     Jabari Betts was a pretrial detainee, and therefore, innocent until proven guilty.

45.     Plaintiffs timely and properly filed tort claims with the County of San Bernardino pursuant to California Government Code sections 910, *et seq*., and this action is timely filed within all applicable statutes of limitation.

46.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## VI.

## FACTUAL ALLEGATIONS COMMON TO *MONELL* AND SUPERVISORIAL CAUSES OF ACTION

47.     Based upon the principles established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), Defendants are liable for all injuries sustained by Plaintiffs as set forth herein. To establish municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a plaintiff must prove: (1) that [the plaintiff] possessed a constitutional right of which she was deprived; (2) that the municipality had a policy/custom/practice; (3) that this policy/custom/practice amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that

the policy/custom/practice is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir, 2011). The policy/custom/practice "need only cause the constitutional violation; it need not be unconstitutional per se." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994). Recognized paths to *Monell* liability include: (1) an unconstitutional custom, practice or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; and (3) a final policy-maker's involvement in or ratification of the conduct underlying the violation of rights. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-1250 (9th Cir. 2010).

**A. Defendant Supervisors Had Knowledge of Inadequacy and Delivery of Medical Care at the COUNTY Jails and Failed to Take Corrective Action.**

48.     Prior to May 1, 2025, high level COUNTY supervisors, including SHERIFF DICUS, knew or should have known of a history of years of notice of ongoing failure to provide inmates indicated and timely reasonable medical/mental health care, knew or should have known of inadequate and/or incompetent staffing, insufficient and inadequate cells and beds, incompetent and inadequate provision of health care and delivery thereof, denying access to outside hospitals or other mental health programs, failure to take corrective measures, including ignoring judicial orders to abate or take corrective action regarding medical and mental health care to pretrial detainees, notice from quality assurance and death reviews, from litigation alleging failure to provide reasonable medical and mental health care, and from publications of endemic, ongoing and unabated risks of injury or death to inmates. The number of lawsuits against the COUNTY and throughout the state and the evidence available from those actions is troubling and demonstrative of Defendants' years of deliberate indifference to known ongoing hazards to ill detainees and their failure to take corrective action.

49.     As a preamble, between 2018 and 2025, the COUNTY had notice of a slew of cases revealing constitutional violations of inmates' rights to reasonable

**COMPLAINT FOR DAMAGES**

medical care. Due diligence would have revealed these breaches of constitutional mandates:

50.    Since 2023, Defendant COUNTY's correctional facilities, including the West Valley Detention Center (hereinafter "WVDC"), High Desert Detention Center (hereinafter "HDDC"), Glen Helen Rehabilitation Center (hereinafter "GHRC"), and the Central Detention Center (hereinafter "CDC") (collectively "COUNTY Jails") have harbored in excess of forty-seven (47) in-custody deaths.

51.    Jabari Betts's death is one of nine (9) deaths within the COUNTY Jails during the 2025 calendar year.

**B.  The County Defendants' Indifference to the Constitutional Violations and Failures Permeating the COUNTY Jails Affecting Inmates with Medical Issues.**

52.    Defendant SHERIFF DICUS, through his supervision of the COUNTY's medical staff, was responsible for the provision of medical and mental health services at the COUNTY Jails, and as such, were responsible for the following at the COUNTY Jails:

a.    Staffing for the jail's medical and mental health units;

b.    Administrative structure, medical direction and operational oversight for the medical and mental health units;

c.    Oversight of the day-to-day operations of the health services programs at the jail;

d.    Development, implementation and revision policies and procedures which relate to the overall provision of mental health and medical services, including the operational aspects of such services and compliance with regulations and statutes;

e.    Development, implementation and revision policies, procedures and practices for the training of custody, medical and mental health staff at the jail;

**COMPLAINT FOR DAMAGES**

f.  Identifying of all unsafe or unhealthy conditions within the jail facilities related to the provision of medical and mental health services, and proposing of corrective measures of such conditions in a timely manner;

g.  Provide continuous training to detention staff regarding the screening of inmates, and identification of inmate with serious medical/mental health issues, and risk recognition.

53.  Defendants COUNTY, SBCSD, SHERIFF DICUS, and the COUNTY custody, medical and mental health staff, and each of them, had been on notice for years that their provision of medical and mental health treatment to inmates at the COUNTY Jails was inadequate and resulted in needless harm and death.

54.  Defendants COUNTY, SBCSD, SHERIFF DICUS, and the COUNTY custody, medical and mental health staff, and each of them, were repeatedly put on notice of the great dangers which existed within the COUNTY Jails through the long history of in-custody deaths; the federal class action *Topete v. County of San Bernardino*, case number 5:16-CV-00355-VAP (DTBx) (C.D. Cal.) targeting the San Bernardino County Sheriff's Department custody and medical staff's deliberate indifference to the safety and protection of inmates and medical staff's failures amounting to constitutional violations; a court ordered Consent Decree directing the San Bernardino County Sheriff's Department to implement a Remedial Plan to meet the minimum level of health care necessary to fulfill the San Bernardino County Sheriff's Department's obligations under the Eighth and Fourteenth Amendments; and through a voluntarily entered Settlement Agreement which required that the San Bernardino County Sheriff's Department remedy all of the deficiencies addressed in the *Topete* class action.

55.  Based on the aforementioned, Defendants COUNTY, SBCSD, SHERIFF DICUS, and the COUNTY custody, medical and mental health staff, and each of them, knew of the dangers that posed a risk to decedent Jabari Betts's safety,

15

**COMPLAINT FOR DAMAGES**

yet disregarded these dangers resulting in his death.

## VII.

## PUNITIVE/EXEMPLARY DAMAGES ALLEGATIONS

## (Against individual Defendants SHERIFF SHANNON D. DICUS and DOES 1-10)

56.     Each Defendants' conduct as alleged herein was done with reckless disregard for human life, oppression, and malice.

57.     Long before Jabari Betts' death, Defendants SHERIFF SHANNON D. DICUS knew that there existed a great indifference to the safety and protection of the inmates who were in the government's custody within the COUNTY Jails.

58.     Defendants SHERIFF SHANNON D. DICUS and DOES 1-10 were repeatedly put on notice of the great dangers which existed within the COUNTY Jails through the long history of in-custody deaths; the federal class action *Topete v. County of San Bernardino*, case number 5:16-CV-00355-VAP (DTBx) (C.D. Cal.) targeting the San Bernardino County Sheriff's Department custody and medical staff's deliberate indifference to the safety and protection of inmates and medical staff's failures amounting to constitutional violations; a court ordered Consent Decree directing the San Bernardino County Sheriff's Department to implement a Remedial Plan to meet the minimum level of health care necessary to fulfill the San Bernardino County Sheriff's Department's obligations under the Eighth and Fourteenth Amendments; and through a voluntarily entered Settlement Agreement which required that the San Bernardino County Sheriff's Department remedy all of the deficiencies addressed in the *Topete* class action.

59.     Despite this long history of complete disregard to inmate safety and protection, Defendants SHERIFF SHANNON D. DICUS and DOES 1-10 have deliberately failed to take even modest actions to prevent in-custody deaths at the COUNTY Jails which have for a very long time been infested with endemic, ongoing and unabated risks of injury or death to inmates.

16

COMPLAINT FOR DAMAGES

60.    The Defendant officers, and each of them, acted with malice and oppression and with a conscious disregard for Plaintiffs' rights, making the individual defendants, including DOES 1-10, liable for punitive damages.

## VIII.

## PRE-DEATH PAIN AND SUFFERING DAMAGES ALLEGATIONS

### (Against Defendants SHERIFF SHANNON D. DICUS and DOES 1-10)

61.    Pursuant to *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014), Plaintiff ESTATE OF JABARI BETTS seeks damages for Mr. Betts's own pre-death pain and suffering prior to his death. Such damages are also recoverable under Plaintiffs' state law claims pursuant to Code of Civil Procedure Section 377.34(b).  Based on the aforementioned factual summary, there can be no question that Mr. Betts suffered extensive pre-death pain and suffering during his incarceration at the COUNTY Jails.  From April 24, 2025, through April 30, 2025, Mr. Betts's medical condition deteriorated and continued to worsen at the COUNTY Jails.  Plaintiffs submit that the period for which pre-death pain and suffering began to occur was on April 24, 2025—the day Mr. Betts stepped foot into the COUNTY Jails following his arrest.

## IX.

### FIRST CAUSE OF ACTION

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(Survival Action – 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF JABARI BETTS As Against Defendants DOES 1 through 10**

62.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

63.    Pretrial detainees such as Jabari Betts have a Fourteenth Amendment due process right to be free from harm. *See Castro v. County of Los Angeles*, 833 F.3d 1060

(9th Cir. 2016) (en banc); *see also Gordon v. County of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018).

64.    Upon information and belief, Defendants DOES 1 through 10, and each of them, made the intentional decision to place Jabari Betts in a condition of confinement which significantly exposed him to the risk of harm which ultimately caused Jabari Betts's death.

65.    Indeed, well before May 1, 2025, Defendants DOES 1 through 10, had express knowledge concerning the conditions of confinement which could cause death or seriously harm inmates such as Jabari Betts and place Jabari Betts at substantial risk of suffering serious harm. However, Defendants DOES 1 through 10, did not take reasonable available measures to abate or reduce that risk, even though any reasonable person in such circumstances would have appreciated the high degree of risk involved. It was clear that the consequence of not abating or reducing such risks would entail death which was obvious under the circumstances. Clearly, by not taking such measures, Defendants DOES 1 through 10, caused Jabari Betts's death.

66.    Defendants DOES 1 through 10 failed to conduct proper and timely Title 15 welfare and safety checks, thereby authorizing, permitting, and/or encouraging a correctional environment that posed a substantial risk to the health and safety of inmates who suffered from life threatening conditions like Jabari Betts. Because of these Defendants' deliberate conduct, Jabari Betts died on May 1, 2025.

67.    Due to the great delays in securing adequate emergency medical attention for Jabari Betts, and the wrongful and deliberate conduct on behalf of Defendants DOES 1 through 10 of failing to adequately monitor and supervise inmates through the use of surveillance cameras to ensure that a medical emergency does not go unnoticed and is attended to in a timely manner; and failing to perform the required safety and welfare checks, Jabari Betts did not respond to medical intervention and died on May 1, 2025.

///

**COMPLAINT FOR DAMAGES**

68.     Defendants COUNTY, SBCSD, DOES 1 through 10 were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm to an inmate in decedent Jabari Betts' position.

69.     Each Defendant could have taken action to prevent unnecessary harm to decedent Jabari Betts but refused or failed to do so.

70.     By policy, procedure, and practice, Defendants COUNTY, SBCSD, DOES 1 through 10 deliberately disregarded the risks posed to persons incarcerated at the WVDC, as alleged above.  Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing decedent Jabari Betts at WVDC.

71.     Defendants including SHERIFF DICUS and DOES 8 through 10 also knew that deputies routinely failed to conduct required welfare and safety checks at the COUNTY Jails, including WVDC, and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

72.     Defendants COUNTY, SBCSD, and DOES 1 through 10 were on notice that their policies, procedures, and practices for monitoring inmates at the COUNTY Jails, including WVDC, were inadequate and gave rise to a substantial risk of serious harm.

73.     Defendants including SHERIFF DICUS and DOES 8 through 10 failed to properly train and supervise SBCSD custody and medical staff regarding policies, procedures, and practices necessary for the protection of inmates from risks and hazards existing within the COUNTY Jails, including WVDC.

74.     Defendants including SHERIFF DICUS and DOES 8 through 10's failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

75.     Defendants SHERIFF DICUS and DOES 8 through 10 ratified Defendants DOES' actions and inactions amounting to constitutional violations.

///

19

**COMPLAINT FOR DAMAGES**

76. Defendants DOES 1 through 10's failure to conduct the required safety check of decedent Jabari Bett's housing unit on the date of his hospitalization evidences deliberate indifference to the risk of harm to decedent Jabari Betts.

77. Defendants SHERIFF DICUS and DOES 8 through 10 ratified Defendants DOES' failure to conduct safety checks.

78. As a direct and proximate result of Defendants' conduct, the civil rights of Jabari Betts, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent Jabari Betts experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

79. Defendants subjected decedent Jabari Betts to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

80. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

81. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

82. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

///

///

///

///

///

20

**COMPLAINT FOR DAMAGES**

Case 5:26-cv-03167 Document 1 Filed 06/09/26 Page 21 of 47 Page ID #:21

## X.

## SECOND CAUSE OF ACTION

**Failure to Provide Medical Care,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(Survival Action – 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF JABARI BETTS As Against Defendants DOES 1 through 10**

83.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

84.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving decedent Jabari Betts, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: Decedent's right to be free from deliberate indifference to Jabari Betts' serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments.

85.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, including but not limited to their failure to provide decedent Jabari Betts with appropriate emergency medical care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical care and life saving care to persons in their custody, constituted deliberate indifference to Jabari Betts' serious medical needs, health, and safety.

86.     As a direct and proximate result of Defendants' conduct, the civil rights of Jabari Betts, as protected by the Fourteenth Amendment of the United States Constitution were violated.  Further, decedent Jabari Betts experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

**COMPLAINT FOR DAMAGES**

87.    Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

88.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiff herein, sustained injuries and damages.

89.    The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

90.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

**XI.**

**<u>THIRD CAUSE OF ACTION</u>**

**Deprivation of the Right to Familial Relationship with Decedent,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**By Plaintiffs JABARI ISAIAH MUSTAFA BETTS, ARIANA JANAE BETTS, ALI MALIK BETTS, KAMAFI AMIR BETTS, KHALID OSAZI BETTS, and MESHACH AMEEN BETTS**

**As Against Defendants DOES 1 through 10**

91.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

92.    The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in being deliberately indifferent to decedent Jabari Betts' protection, safety, and serious medical needs, violating decedent Jabari Betts' constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of Jabari Betts deprived Plaintiffs JABARI ISAIAH MUSTAFA BETTS, ARIANA

22

**COMPLAINT FOR DAMAGES**

JANAE BETTS, ALI MALIK BETTS, KAMAFI AMIR BETTS, KHALID OSAZI BETTS, and MESHACH AMEEN BETTS of their liberty interests in the parent-child relationship in violation of their substantive due process rights as defined by the Fourteenth Amendment of the Constitution.

93.    All of the acts of Defendants DOES 1 through 10 and the persons involved were done under color of state law.

94.    The acts and omissions of each Defendant deprived Plaintiffs JABARI ISAIAH MUSTAFA BETTS, ARIANA JANAE BETTS, ALI MALIK BETTS, KAMAFI AMIR BETTS, KHALID OSAZI BETTS, and MESHACH AMEEN BETTS of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a parent-child relationship with decedent Jabari Betts without due process of law by their deliberate indifference in denying Jabari Betts protection and safety while incarcerated at WVDC and access to medical care while suffering a medical emergency at WVDC.

95.    Defendants DOES 1 through 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of the COUNTY and SBCSD. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are experiencing medical emergencies access to medical care as stated above and incorporated herein.

96.    In addition, the training policies of the COUNTY and SBCSD were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in pretrial custody who are experiencing medical emergencies. These Defendants and each of them knew that its failure to adequately train its COUNTY Jails custody and medical staff, including other agents and employees, to interact with individuals suffering from medical emergencies made it highly predictable that its

**COMPLAINT FOR DAMAGES**

custody and medical staff would engage in conduct that would deprive persons such as decedent Jabari Betts, and thus Plaintiffs JABARI ISAIAH MUSTAFA BETTS, ARIANA JANAE BETTS, ALI MALIK BETTS, KAMAFI AMIR BETTS, KHALID OSAZI BETTS, and MESHACH AMEEN BETTS, of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

97. Defendants COUNTY and SBCSD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs JABARI ISAIAH MUSTAFA BETTS, ARIANA JANAE BETTS, ALI MALIK BETTS, KAMAFI AMIR BETTS, KHALID OSAZI BETTS, and MESHACH AMEEN BETTS and decedent Jabari Betts by each individual Defendant's official policies and/or longstanding practices or customs are so closely related to Jabari Betts' injuries and death and thus the deprivation of the rights of Plaintiffs as to be the moving force causing those injuries.

98. Defendant SHERIFF DICUS, a final policymaker for the COUNTY and SBCSD, ratified the actions and omissions of Defendants DOES 1 through 10, all of whom were custody and medical staff at the COUNTY Jails, including WVDC, in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions.

99. As a direct and proximate result of Defendants' conduct, the civil rights of Jabari Betts, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent Jabari Betts experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

100. Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and

**COMPLAINT FOR DAMAGES**

reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

101. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

102. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

103. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## XII.

## FOURTH CAUSE OF ACTION

**Municipal Policies, Customs, Practices Causing Constitutional Violations**

**(*Monell* - 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF JABARI BETTS**

**As Against Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**

104. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

105. In *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities were "persons" under § 1983 and thus could be held liable for causing a constitutional deprivation. *Id.* at 690, 98 S.Ct. 2018. The Court explained that while a municipality may not be held liable under § 1983 for the torts of its employees on a theory of respondeat superior, liability may attach where the municipality *itself* causes the constitutional violation through the execution of an official policy, practice or custom. *Id.* at 690–691, 98 S.Ct. 2018.[1]

---

[1] *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) ("These alleged constitutional deprivations were not suffered as a result of actions of the individual officers, but as a result of the collective inaction of the Long Beach Police Department.").

25

**COMPLAINT FOR DAMAGES**

106.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other employees or officers employed by or acting on behalf of the Defendants COUNTY and SBCSD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of Defendants COUNTY and SBCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant COUNTY and SBCSD:

a.    To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

b.    To allow and encourage deputies doing regular safety checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of the COUNTY OF SAN BERNARDINO and SBCSD's written policies and state law;

c.    To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

d.    To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

e.    To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

f.    To fail to train custody staff that medical staff, including licensed vocational nurses, are not competent to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

26

**COMPLAINT FOR DAMAGES**

g.   To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

h.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

i.   To cover up violations of constitutional rights by any or all of the following:

   i.   By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

   ii.   By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

   iii.   By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into the San Bernardino County jails; and

   iv.   By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

j.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, SBCSD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the SBCSD, or medical staff does not provide adverse information against a fellow officer, or member of the SBCSD or the medical staff;

**COMPLAINT FOR DAMAGES**

k.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

107.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other officers employed by or acting on behalf of the COUNTY and SBCSD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the SBCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and SBCSD, including SHERIFF DICUS:

a.    To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

b.    To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d.    To cover up violations of constitutional rights by any or all of the following:

i.    By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

ii.    By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

iii.    By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false

28

**COMPLAINT FOR DAMAGES**

reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

e.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f.   To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the COUNTY jails whereby custodial and medical personnel does not provide adverse information against a fellow staffer;

g.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

108.   Defendants COUNTY and SBCSD, through their employees and agents, and through their policy-making supervisors, SHERIFF DICUS and DOES 8 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1 through 10, and other COUNTY and SBCSD personnel, with deliberate indifference to the constitutional rights of decedent Jabari Betts, Plaintiffs and others in similar positions, as described above, and therefore, those rights thereby violated.

109.   The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other SBCSD custody and medical staff, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and

**COMPLAINT FOR DAMAGES**

SBCSD, including Defendants SHERIFF DICUS and DOES 8 through 10. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the COUNTY and SBCSD, and that such policymakers have direct knowledge of the fact that the death of Jabari Betts was the result of deliberate indifference to his rights to be protected and safe while in the custody of the COUNTY/SBCSD, and his rights to have access to medical care when suffering a medical emergency.

110.   Notwithstanding this knowledge, the authorized policymakers within the COUNTY and SBCSD have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of Jabari Betts. By so doing, the authorized policymakers within the COUNTY and SBCSD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF DICUS and DOES 8 through 10, and other policy-making officers for the COUNTY and SBCSD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and SBCSD.

111.   The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and SBCSD were a moving force and/or a proximate cause of the deprivations of decedent Jabari Betts' clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected decedent Jabari Betts to their wrongful conduct, depriving decedent Jabari Betts of rights described herein, knowingly, maliciously,

30

**COMPLAINT FOR DAMAGES**

and with conscious and reckless disregard for whether the rights and safety of decedent Jabari Betts, Plaintiffs and others would be violated by their acts and/or omissions.

112. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and SBCSD, as described above, decedent Jabari Betts suffered serious injuries and death, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants COUNTY and SBCSD.

## XIII.

## FIFTH CAUSE OF ACTION

**Supervisory Liability Causing Constitutional Violations,**

**(Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF JABARI BETTS**

**As Against Defendants SHERIFF DICUS and DOES 8 through 10**

113. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

114. At all material times, SHERIFF DICUS and DOES 8 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and SBCSD.

115. Defendants SHERIFF DICUS and DOES 8 through 10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOES 1 through 10, and other COUNTY and SBCSD personnel, with deliberate indifference to Plaintiffs', decedent Jabari Betts', and others' constitutional rights, which were thereby violated as described above.

///

31

COMPLAINT FOR DAMAGES

116. As supervisors, Defendants SHERIFF DICUS and DOES 8 through 10 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protections while incarcerated at WVDC and the rights to the serious medical needs of decedent Jabari Betts. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Decedent's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive decedent Jabari Betts of rights, or knew his or her subordinates were engaging in acts likely to deprive decedent Jabari Betts of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate decedent Jabari Betts' rights, and in fact did cause the violation of decedent Jabari Betts' rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of decedent Jabari Betts' rights.

117. The unconstitutional customs, policies, practices, and/or procedures of Defendants COUNTY and SBCSD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants COUNTY and SBCSD, including Defendants SHERIFF DICUS and DOES 8 through 10, respectively, with deliberate indifference to Plaintiff's, decedent Jabari Betts', and others' constitutional rights, which were thereby violated as described above.

118. The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other COUNTY and SBCSD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and SBCSD, including Defendants SHERIFF DICUS and DOES 8 through 10. Plaintiff is informed and believes and thereon alleges that the details of this incident have been

revealed to Defendants SHERIFF DICUS and DOES 8 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the death of decedent Jabari Betts was not justified or necessary, but represented deliberate indifference to his rights to be protected and safe while in the COUNTY's custody and his rights to his serious medical needs, as set forth above. Notwithstanding this knowledge, on information and belief, Defendants SHERIFF DICUS and DOES 8 through 10 have approved and ratified of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of Jabari Betts. By so doing, Defendants SHERIFF DICUS and DOES 8 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF DICUS and DOES 8 through 10 and other policymaking officers for the COUNTY and SBCSD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and SBCSD custody and medical staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and SBCSD.

119. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants SHERIFF DICUS and DOES 8 through 10 were a moving force and/or a proximate cause of the deprivations of decedent Jabari Betts' clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

120. Defendants subjected decedent Jabari Betts to their wrongful conduct, depriving decedent Jabari Betts of rights described herein, knowingly, maliciously,

and with conscious and reckless disregard for whether the rights and safety of decedent Jabari Betts and others would be violated by their acts and/or omissions.

121.   As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants SHERIFF DICUS and DOES 8 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

## XIV.

## SIXTH CAUSE OF ACTION

### Negligence – Wrongful Death

**Plaintiffs JABARI ISAIAH MUSTAFA BETTS, ARIANA JANAE BETTS, ALI MALIK BETTS, KAMAFI AMIR BETTS, KHALID OSAZI BETTS, and MESHACH AMEEN BETTS**

**As Against All Defendants and DOES 1 through 10**

122.   Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

123.   At all times, Defendants DOES 1 through 10 owed Plaintiffs and decedent Jabari Betts the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

124.   At all times, these Defendants owed Plaintiffs and decedent Jabari Betts the duty to act with reasonable care.

125.   These general duties of reasonable care and due care owed to Plaintiffs and decedent Jabari Betts by these Defendants include but are not limited to the following specific obligations:

a.      To summon, or transport Decedent to, necessary and appropriate emergency medical care;

b.      To refrain from unreasonably creating danger or increasing Decedent's

c.      risk of harm;

**COMPLAINT FOR DAMAGES**

    d.    To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as a person in medical crisis with serious medical needs;

    e.    To conduct state mandated safety and welfare checks of inmates in the custody of the COUNTY Jails;

    f.    To refrain from abusing their authority granted them by law; and

    g.    To refrain from violating Plaintiffs' and Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

126. Defendants DOES 1 through 10, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and decedent Jabari Betts.

127. Defendants COUNTY and SBCSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

128. As a direct and proximate result of these Defendants' negligence, Plaintiffs and decedent Jabari Betts sustained injuries and damages, and against each and every Defendant named in this cause of action in their individual capacities are entitled to relief, including punitive damages against such individual Defendants.

## XV.

### SEVENTH CAUSE OF ACTION

**Negligence – Medical Malpractice**

**Plaintiff ESTATE OF JABARI BETTS**

**As Against All Defendants and DOES 1 through 10**

129. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

130. Decedent Jabari Betts was under the care and treatment of Defendants DOES 1 through 10, all of whom were COUNTY medical staff assigned to the

**COMPLAINT FOR DAMAGES**

COUNTY Jails, including WVDC, who were required to examine, treat, monitor, prescribe for and care for him and to provide him with medical attention when Jabari Betts suffered a medical emergency. These Defendants, acting within the scope and course of their employment with Defendants COUNTY and SBCSD, negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed to classify, failed to appropriately diagnose and/or refer decedent Jabari Betts to specialist medical care providers; negligently failed to provide physician care; carelessly failed to detect, monitor, and follow-up with his condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent pre-trial detainee Jabari Betts.

131.   Defendant supervisors and each of them failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing, to timely provide decedent Jabari Betts emergency medical care, failed to provide adequate and competent staffing, and to ensure the care and treatment ordered for decedent Jabari Betts was provided.

132.   As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages and as applicable to this claim for Medical Negligence, to be proven at time of trial.

133.   Defendants COUNTY and SBCSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

///

///

///

///

**COMPLAINT FOR DAMAGES**

## XVI.

## EIGHTH CAUSE OF ACTION

### Violation of California Government Code § 845.6

### Plaintiff ESTATE OF JABARI BETTS

### As Against All Defendants and DOES 1 through 10

134.   Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

135.   Defendants DOES 1 through 10 knew Mr. Betts was in need of immediate medical care and treatment, and each failed to take reasonable action to summon immediate medical care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendants COUNTY and SBCSD, knowing and/or having reason to know of decedent Jabari Betts' need for immediate medical care and treatment, failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6.

136.   Defendants COUNTY and SBCSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

137.   As a direct and proximate result of the aforementioned acts of these Defendants, decedent Jabari Betts was injured as set forth above, and their losses entitle Plaintiff to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law, including punitive damages against these individual Defendants.

///
///
///
///

**COMPLAINT FOR DAMAGES**

## XVII.

## NINTH CAUSE OF ACTION

### Violation of California Civil Code §52.1 (Tom Bane Act)

### Plaintiff ESTATE OF JABARI BETTS

### As Against All Defendants and DOES 1 through 10

138.   Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

139.   Plaintiff brings the claims in this cause of action as a survival claim permissible under California law, including Cal. Code of Civ. Proc. § 377.20 *et. seq*.

140.   By their acts, omissions, customs, and policies, Defendants, each acting in concert, as described above, while decedent Jabari Betts was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated Jabari Betts' rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

a.   The right to be free from objectively unreasonable treatment and deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

b.   The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution;

c.   The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1; and

d.   The right to emergency medical care as required by California Government Code §845.6.

**COMPLAINT FOR DAMAGES**

141. Defendants' violations of decedent Jabari Betts' due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act.[2] Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Jabari Betts' rights as described above, Defendants violated Jabari Betts' rights by the following conduct constituting threat, intimidation, or coercion:

a. With deliberate indifference to Decedent's serious medical needs, suffering, and risk of grave harm including death, depriving Decedent of necessary, life-saving care for his medical needs;

b. With deliberate indifference to hazards that posed a risk to pretrial detainees, such as Decedent;

c. Subjecting Decedent to ongoing violations of his rights to prompt care for his serious medical needs over days, causing immense and needless suffering, intimidation, coercion, and threats to his life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to San Bernardino County jail detainees and inmates;

e. Requiring medical staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Decedent, they are not competent to make; and

f. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Decedent would be subjected to violence, threat,

---

[2] *See Atayde v. Napa State Hosp.*, No. 1:16-cv-00398-DAD-SAB, 2016 U.S. Dist. LEXIS 126639, at *23 (E.D. Cal. Sept. 16, 2016) (citing *M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013); *see also, Cornell v. City and County of San Francisco*, Nos. A141016, A142147, 2017 Cal. App. LEXIS 1011 at *58, f.n. 32 (Cal. Ct. App. Nov. 16, 2017) (approving M.H., supra.); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018) (following *Cornell*); *Rodriguez v. County of L.A.*, 891 F.3d 776, 799, 802 (9th Cir. 2018) (following *Cornell*).

**COMPLAINT FOR DAMAGES**

intimidation, coercion, and ongoing violations of rights as Decedent was here.

142. The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of decedent Jabari Betts' rights, or to any legitimate and lawful jail or law enforcement activity.

143. Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

144. Further, each Defendant violated decedent Jabari Betts' rights with reckless disregard and with the specific intent and purpose to deprive him of his enjoyment of those rights and of the interests protected by those rights.

145. Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

146. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of decedent Jabari Betts' rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## XVIII.

## TENTH CAUSE OF ACTION

**Violation of the Americans With Disability Act of 1990**

**(42 U.S.C. 12101, *et seq*.)**

**Plaintiff ESTATE OF JABARI BETTS As Against Defendants DOES 1 through 10**

147. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

**COMPLAINT FOR DAMAGES**

148.   Pursuant to 42 U.S.C. § 12132, "Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

149.   Under Title II of the Americans with Disability Act, the COUNTY and SBCSD are required to make reasonable modifications to avoid discrimination on the basis of disability. The ADA sets an affirmative requirement to act appropriately with respect to prisoners with disabilities.

150.   ADA creates an affirmative duty in some circumstances to provide special, preferred treatment, or "reasonable accommodation."

151.   Facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced.

152.   Discrimination includes a defendant's failure to make reasonable accommodations to the needs of a disabled person based on his physical health. These accommodations include training on how to deal with the physically and mentally ill, specialized training of COUNTY staff, heightened level of medical care, and diligent surveillance.

153.   Upon information and belief, Decedent Jabari Betts was a disabled individual suffering from a physical disability, an impairment that substantially limited one or more major life activities. Decedent Jabari Betts was a "qualified individual with a disability" for purposes of the Americans with Disabilities Act and the Rehabilitation Act.

154.   The COUNTY and SBCSD are subject to the Americans with Disabilities Act and the Rehabilitation Act.

155.   A person has a disability if he/she has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or is regarded as having impairment.

**COMPLAINT FOR DAMAGES**

156. Defendants COUNTY and SBCSD denied Decedent Jabari Betts benefits of the services, programs or activities of the COUNTY and SBCSD because of his disability and subjected him to discrimination. More precisely, upon information and belief, Defendants COUNTY and SBCSD denied Decedent Jabari Betts benefits by not allowing Jabari Betts to engage in programs, services, and activities which would accommodate his medical disabilities.

157. Defendant COUNTY and SBCSD failed to make reasonable accommodations to Decedent Jabari Betts's medical needs based on his medical condition. The failure to provide critical medical services was a denial of the services program or activity based on his disability.

158. Defendant COUNTY and SBCSD denied Jabari Betts medical treatment by failing to provide Jabari Betts with treatment for his medical condition, thereby failing to accommodate Decedent Jabari Betts's disability, and denying him a service, benefit, or program.

159. Defendants COUNTY and SBCSD were deliberately indifferent to Decedent Jabari Betts's serious medical condition. Defendants COUNTY and SBCSD had actual knowledge of the substantial risk of harm to Decedent Jabari Betts from his serious diagnosed condition and they responded with deliberate indifference by failing to communicate or document his condition; failing to place him in medical where he could be watched; and failing to provide him medical care when Decedent Jabari Betts was in medical distress.

160. The regulations promulgated by the Department of Justice to implement Part A of Title II of the ADA require each government entity to conduct a self-evaluation of its programs and services (or the lack thereof) related to persons with disabilities:

    i.   A public entity shall, within one year of the effective date of this part [that is, by January 26, 1993], evaluate its current services, policies, and practices, and the effects thereof, that do not or may not meet the requirements of this part and, to the extent modification of any such

**COMPLAINT FOR DAMAGES**

services, policies, and practices is required, the public entity shall proceed to make the necessary modifications.

ii.    A public entity shall provide an opportunity to interested persons, including individuals with disabilities or organizations representing individuals with disabilities, to participate in the self-evaluation process by submitting comments.

161.    Defendants COUNTY and SBCSD failed to conduct any self-evaluation of procedures and training for its personnel about how to handle encounters with persons who have a physical illness or another disability.

162.    Defendants COUNTY and SBCSD violated Decedent Jabari Betts's clearly established rights under the ADA with deliberate indifference.

163.    The violation of Decedent Jabari Betts' rights resulted from a COUNTY and SBCSD policy or custom adopted or maintained with deliberate indifference.

164.    As a direct and proximate result of the Defendants COUNTY and SBCSD conduct as herein described, Decedent Jabari Betts suffered damages in the amount to be determined at the time of trial.

## XIX.

## ELEVENTH CAUSE OF ACTION

### Violation of the Rehabilitation Act

### (29 U.S.C. §794(a))

**Plaintiff ESTATE OF JABARI BETTS As Against Defendants DOES 1 through 10**

165.    Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

166.    The Rehabilitation Act of 1973 ("Section 504") provides that "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the

43

**COMPLAINT FOR DAMAGES**

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

167.    Defendants COUNTY and SBCSD are programs that receive federal financial assistance as defined in 29 U.S.C. § 794(b).

168.    Decedent Jabari Betts was a "qualified individual with a disability" under the Rehabilitation Act.

169.    Defendants COUNTY and SBCSD violated the Rehabilitation Act by failing to make reasonable accommodations to the needs of Decedent Jabari Betts, a disabled person. It was a reasonable accommodation to provide him with needed medical care.

170.    Employees of COUNTY and SBCSD were deliberately indifferent to Decedent Jabari Betts's serious medical condition. They failed to consider obvious symptoms of Decedent Jabari Betts's medical condition.

171.    Instead of providing Decedent Jabari Betts with adequate medical services and fair treatment, Defendants COUNTY and SBCSD refused to provide him with medical care as his condition deteriorated.

172.    Defendants COUNTY and SBCSD failed to accommodate Decedent Jabari Betts with the services and programs available to patients with a medical condition. There were medical services readily available to Decedent Jabari Betts, but Defendants COUNTY and SBCSD failed to properly house Decedent Jabari Betts where Decedent Jabari Betts could be monitored and humanely cared for.

173.    Defendants COUNTY and SBCSD knew of the substantial risk of harm to Decedent Jabari Betts from his serious, diagnosed condition and they responded with deliberate indifference by failing to communicate or document his condition; failing to place him in medical where he could be watched; and failing to provide him medical care when Decedent Jabari Betts was in medical distress.

174.    Defendants COUNTY and SBCSD violated the Rehabilitation Act by failing to conduct any self-evaluation of procedures and training for its personnel

**COMPLAINT FOR DAMAGES**

about how to handle communications with jails regarding patients who have a physical medical condition or another disability.

175.   Defendants COUNTY and SBCSD violated the Rehabilitation Act by failing to conduct any self-evaluation of procedures and training for its personnel about how to handle encounters with persons who have a physical medical condition or another disability.

176.   As a direct and proximate result of the Defendants COUNTY and SBCSD conduct as herein described, Decedent Jabari Betts suffered damages in the amount to be determined at the time of trial.

## XX.

## REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.   Wrongful death of Jabari Betts, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

B.   Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

C.   Jabari Betts' coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq.;

D.   Violation of Jabari Betts' constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq. and federal civil rights law;

E.   Jabari Betts' loss of life, pursuant to federal civil rights law;

F.   Jabari Betts' conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.   General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

**COMPLAINT FOR DAMAGES**

H.    Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.    Punitive damages as to individual peace officer defendants;

J.    Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.    A multiplier of damages, including treble damages, and penalties under the Tom Bane Act;

L.    Interest; and

M.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 et seq., and 1021.5; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: June 9, 2026                    GASTÉLUM LAW, APC

By: _Denisse O. Gastélum_
Denisse O. Gastélum, Esq.
Selene Estrada-Villela, Esq.
Attorneys for Plaintiffs,
ESTATE OF JABARI BETTS, by and through successors in interest, Jabari Isaiah Mustafa Betts, Ariana Janae Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts; JABARI ISAIAH MUSTAFA BETTS, individually; ARIANA JANAE BETTS, individually; ALI MALIK BETTS, individually; KAMAFI AMIR BETTS, individually; KHALID OSAZI BETTS, individually; MESHACH AMEEN BETTS, individually

46

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs, ESTATE OF JABARI BETTS, by and through successors in interest, Jabari Isaiah Mustafa Betts, Ariana Janae Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts; JABARI ISAIAH MUSTAFA BETTS, individually; ARIANA JANAE BETTS, individually; ALI MALIK BETTS, individually; KAMAFI AMIR BETTS, individually; KHALID OSAZI BETTS, individually; and MESHACH AMEEN BETTS, individually hereby make a demand for a jury trial in this action.

Dated: June 9, 2026

GASTÉLUM LAW, APC

By: _Denisse O. Gastélum_
Denisse O. Gastélum, Esq.
Selene Estrada-Villela, Esq.
Attorneys for Plaintiffs,
ESTATE OF JABARI BETTS, by and through successors in interest, Jabari Isaiah Mustafa Betts, Ariana Janae Betts, Ali Malik Betts, Kamafi Amir Betts, Khalid Osazi Betts, and Meshach Ameen Betts; JABARI ISAIAH MUSTAFA BETTS, individually; ARIANA JANAE BETTS, individually; ALI MALIK BETTS, individually; KAMAFI AMIR BETTS, individually; KHALID OSAZI BETTS, individually; MESHACH AMEEN BETTS, individually

**COMPLAINT FOR DAMAGES**